BOARD OF TRUSTEES OF THE INDIANA SOLDIERS' AND SAILORS' CHILDREN'S HOME *v.* WRIGHT.

[No. 26,695. Filed February 24, 1937.]

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for appellant.

*W. W. Ratliff* and *Titsworth & Titsworth,* for appellee.

FANSLER, J.—Appellee brought this action against appellant for breach of a contract of employment as teacher in the Indiana Soldiers' and Sailors' Children's Home. The complaint alleged that in September, 1931, appellee and the superintendent of the home entered into a written teacher's contract for the term of ten

months, commencing August 26, 1931, at $1,650 for the period; that it was expressly agreed in the contract that all of the provisions of the Teachers' Tenure Law should be in force and effect respecting the contract. On the 15th day of June, 1933, he was discharged without cause. There was judgment for appellee for $1,600.

Error is assigned upon various rulings of the court, but the questions presented are the same under each.

Was appellant bound by the contract, and did appellee have an indefinite tenure of employment? Appellant, by its brief, seems under the impression that appellee claimed the right to recover under the Teachers' Tenure Law, but appellee, in his brief, disclaims any such theory. He contends that, while the position which he occupies is not within the terms of the Tenure Law, the terms and conditions of the law are a part of his contract, and that he had the right to be continued from year to year because his contract required it. This raises a question as to the authority of the superintendent of the school, who made the contract, to bind appellant to renew appellee's contract from year to year until charges were preferred against him, and the procedure set up in the Teachers' Tenure Law followed in removing him. At the time the contract was entered into, the statute provided for the management of the institution by a board of trustees. The board appointed the superintendent. The superintendent was empowered to "appoint and employ" a matron, and assistant matrons, teachers, attendants, etc. Section 22-2312 Burns' Ann. St. 1933, section 4410 Baldwin's Ind. St. 1934. Section 22-2314 Burns' Ann. St. 1933, section 4412 Baldwin's Ind. St. 1934, provides that the superintendent at any time may remove and exclude any employee appointed by him, but only for cause, which removal and the cause therefor he shall report in writing to the board at its next monthly meet-

ing at the home. The superintendent was without power, by contract or otherwise, to limit the causes for which an employee might be removed, or to extend the time for which he should be employed beyond the terms of the statute. In other words, the will of the legislature, as expressed in the statute, controls, and the superintendent has no power to limit or enlarge the condition of employment. The provision in the contract that it should be governed by the terms of the Teachers' Tenure Law was void and of no force and effect.

The Legislature of 1933 enacted a law reorganizing the state government, and terminating the employment of every officer, employee, or servant of the state government on June 30, 1933. Acts 1933, ch. 4, p. 7, §60-101 *et seq.* Burns' Ann. St. 1933, §14974 *et seq.* Baldwin's Ind. St. 1934.

The appellee's contract for the school year ended prior to June 30, 1933. The provision that made the Teachers' Tenure Law a part of the contract, entitling him to a renewal, is of no effect. The judgment was for one year's salary, in the same amount as the last annual contract, less $50 earned in other employment. It is based upon the erroneous view that the teachers' tenure provisions entitled appellee to an additional year's contract.

Judgment reversed.